IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE FANELLI, : | |
|     Plaintiff, : | |
| : | |
| v. : | Civil No. 5:20-cv-05530-JMG |
| : | |
| EYE CONSULTANTS OF PENNSYLVANIA, PC, : | |
|     Defendant. : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                                        **January 6, 2022**

    Plaintiff Anne Fanelli was employed by Defendant Eye Consultants of Pennsylvania, PC as a dispensing optician. Plaintiff was granted leave because of mental health issues and, upon her return from leave, Plaintiff met with her supervisor to discuss her future schedule. Plaintiff believed she was being demoted because of her leave of absence and resigned. Plaintiff brings a retaliation claim under the Family Medical Leave Act[1] ("FMLA") and discrimination and retaliation claims under the Americans with Disabilities Act[2] ("ADA") and the Pennsylvania Human Relations Act[3] ("PHRA"), alleging demotion to part-time employment and failure to rehire. Plaintiff also asserts a back pay claim. Defendant moves for summary judgment on all counts. For the reasons that follow, the Court will grant in part and deny in part Defendant's motion for summary judgment.

---

[1]  29 U.S.C. §2601, *et seq*.

[2]  42 U.S.C. §12101, *et seq*.

[3]  43 P.S. §951, *et seq*.

## I.  BACKGROUND

### A. Allegations

Plaintiff Anne Fanelli was a dispensing optician for Defendant Eye Consultants of Pennsylvania and suffers from mental health issues. Def.'s Statement of Undisputed Facts ("DSOF") ¶¶ 2, 31-35, ECF No. 22; Pl.'s Opp'n to Def.'s Statement of Undisputed Facts ("POSOF") ¶¶ 2, 31-35, ECF No. 23-2. On October 11, 2018, Plaintiff informed her supervisor that she was having anxiety and requested to go home. DSOF ¶¶ 36-38; POSOF ¶¶ 36-38. On October 15, 2018, Plaintiff texted her supervisor and requested a few weeks off because of her ongoing mental health issues. DSOF ¶ 45; POSOF ¶ 45. Defendant granted Plaintiff's requested leave of absence. DSOF ¶ 46; POSOF ¶ 46.

On November 6, 2018, Plaintiff returned to work. DSOF ¶ 65; POSOF ¶ 64. Defendant alleges that the office supervisor met with Plaintiff to review the upcoming work schedule, explain that Plaintiff's average hours had dipped below the required threshold for full-time employment, and to schedule her for more hours. DSOF ¶¶ 63, 70. Plaintiff contends that during this meeting her supervisor informed her that she was being cut to part-time because of a coworkers upcoming maternity leave. POSOF ¶ 70. Later that afternoon, Plaintiff returned to her supervisor's office to clarify why her hours were reduced. DSOF ¶¶ 72-73; POSOF ¶¶ 72-73. Following this interaction, Plaintiff became extremely upset, used profane language, and quit. DSOF ¶¶ 75-76, 79-80; POSOF ¶¶ 75-76, 79-80.

Weeks later, Plaintiff sought reinstatement to her former position by sending a letter to Defendant stating that she resigned prematurely and apologizing for her unprofessional behavior. DSOF ¶¶ 86, 88, 92; POSOF ¶¶ 86, 88, 92. Defendant alleges that they opted not to reinstate

Plaintiff because her unprofessional behavior could not be tolerated at the work place. DSOF ¶¶ 95, 97.

Plaintiff now alleges that Defendant cut her hours back to part-time as punishment because Plaintiff took leave. POSOF ¶¶ 70, 74. Plaintiff further contends that upon speaking with her supervisor about her reduction in hours, she had no choice but to resign. Pl.'s Opp'n at 14, ECF No. 23. Defendant refutes these allegations and maintains that Plaintiff was not demoted because her hours were never reduced and Plaintiff resigned voluntarily. Def.'s Mot. Summ. J. Mem. at 8-9, ECF No. 21.

### B. Procedural History

Plaintiff sued Defendant on November 11, 2020. ECF No. 1. On August 2, 2021, Defendant moved for summary judgment on all counts. ECF No. 20. Plaintiff responded to Defendant's motion on August 16, 2021. ECF No. 23. Defendant filed a reply brief on August 24, 2021. ECF No. 28. This motion is now ripe for decision.

## II. LEGAL STANDARD

Summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non–moving party." *Fiorentini v. William Penn School District*, 150 F. Supp. 3d 559, 565, (E.D. Pa 2016).

In deciding a motion for summary judgment, a court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment

motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007). The party moving for summary judgment "always bears the initial responsibility of . . . identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotations omitted). In response, "the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

## III.   DISCUSSION

Defendant asserts a variety of arguments supporting summary judgment on Plaintiff's claims. The Court will address each argument in turn.

For the purpose of summary judgment, Plaintiff addresses her FMLA retaliation and ADA and PHRA discrimination and retaliation claims simultaneously. Pl.'s Opp'n at 9 n. 2, ECF No. 23. "[R]etaliation claims under the FMLA, ADA, and PHRA are all analyzed under the *McDonnell Douglas* burden-shifting framework." *Wells v. Retinovitreous Associates, Ltd.*, No. 15-5675, 2016 WL 3405457, at *2 (E.D. Pa. June 21, 2016), *aff'd*, 702 F. App'x 33 (3d Cir. 2017) (citing *Budhun v. Reading Hosp. and Medical Center*, 765 F.3d 245, 256 (3d Cir. 2014)). Accordingly, this Court will consider Plaintiff's FMLA, ADA, and PHRA claims together.

Under *McDonnell Douglas*, a plaintiff bears the initial burden of establishing a *prima facie case* of retaliation. *Capps v. Mondelez Global LLC*, 147 F. Supp. 3d 327, 336 n. 6 (E.D. Pa. 2015). To establish a *prima facie case* of retaliation under the ADA and PHRA, "the employee must allege (1) a protected employee activity, (2) an adverse employment action, and (3) a causal connection between the protected activity and the adverse action." *MacVaugh v. County of*

*Montgomery*, 301 F. Supp. 3d 458, 465 (E.D. Pa. 2018). For an FMLA retaliation claim, "[t]he only difference is that instead of engaging in a 'protected activity' to satisfy the prima facie case as is required under the ADA and PHRA, for an FMLA violation, the plaintiff must have taken an FMLA leave." *Ramage v. Rescot Systems Group, Inc.*, 834 F. Supp. 2d 309, 326 n. 15 (E.D. Pa. 2011). Here, the parties dispute the second prong, whether an adverse employment action occurred.

### A.  Retaliation via Demotion Claim

Defendant first asserts that summary judgment is proper on Plaintiff's retaliatory demotion claim because Plaintiff cannot establish a *prima facie case* of retaliation. Def.'s Mot. Summ. J. at 4. "A demotion from full-time to part-time employment can constitute an adverse employment action under Third Circuit precedent." *Medical v. St. Mary Medical Center*, No. 14-4265, 2016 WL 878307, *at 9 (E.D. Pa. Mar. 7, 2016) (citing *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 411-12 (3d Cir. 1999)). Courts have found "[a] reduction of hours . . . would qualify as an adverse employment action as it could deprive that plaintiff of employment opportunities or affect her status as an employee." *Wilson v. Checkers Drive-In Restaurants*, Inc., No. 12-5365, 2013 WL 2256133, *5 (E.D. Pa. May 23, 2013).

Defendant classifies full-time employment as working an average of 35 hours per week. DSOF ¶ 18; POSOF ¶ 18. Although Defendant claims Plaintiff was not moved to part-time employment, the record indicates that Plaintiff's average hours were miscalculated and that the office supervisor was instructed to give Plaintiff more hours upon her return from leave. Def.'s Mot. Summ. J. Mem. at 8 n. 3, ECF No. 21; DSOF ¶¶ 55-56, 63. Conversely, Plaintiff contends that upon her return from leave, her supervisor cut her hours to part-time and scheduled her for less than 35 hours per week. POSOF ¶¶ 63, 70.

Here, a reasonable jury could conclude that the office supervisor's failure to schedule Plaintiff for more hours, as instructed by his superiors, resulted in an adverse employment action. *See Wilson*, 2013 WL 2256133 at *9 (denying summary judgment in part because "[a] jury could . . . conclude, based on the evidence in the record and drawing all reasonable inferences in favor of Plaintiff, that [] [a managers] refusal to assign Plaintiff shifts on the employee schedule, which denied her hours, constituted a 'materially adverse' employment action.").

Accordingly, the Court will deny Defendant's Motion for Summary Judgment with respect to the retaliatory demotion claim.

### B.  Retaliation via Failure to Rehire Claim

Next, Defendant seeks summary judgment on Plaintiff's retaliatory failure to rehire claim because Plaintiff resigned voluntarily and did not allege constructive discharge. Def.'s Mot. Summ. J. at 10. The Third Circuit has "not recognized voluntary resignations to be adverse employment actions." *Checa v. Drexel University*, No. 16-108, 2016 WL 3548517, *5 (E.D. Pa. June 28, 2016) (citing *Schofield v. Metro. Life Ins. Co.*, 252 F. App'x 500, 503 (3d Cir. 2007)). Courts in the Third Circuit "specifically decline to recognize the refusal to allow an employee to rescind his resignation to be an adverse employment action, without a contractual or statutory duty to do so, or without a finding of a constructive discharge." *Id*. at *5 (citing *Hibbard v. Penn-Trafford Sch. Dist.*, No. 13-622, 2014 WL 640253, at *10 (W.D. Pa. Feb 19, 2014)). An adverse employment action is "an action that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." *Pontes v. Rowan University*, No. 20-2645, 2021 WL 4145119, *6 (3d Cir. Sept. 13, 2021) (quoting *Budhun*, 765 F.3d at 257).

Here, Defendant's decision not to rehire Plaintiff, after she voluntarily resigned, is not an adverse employment action because the decision did not alter her privileges of employment, deprive her of employment opportunities, or affect her status as an employee because her employment relationship had already ended. Plaintiff resigned after the meeting with her office supervisor, gathered her personal items from her desk, and left the office. DSOF ¶¶ 79-80, 86; POSOF ¶¶ 70-80, 86. Thus, Defendant's decision not to accept Plaintiff's rescission of her resignation weeks later did not alter her employment status, because Plaintiff's resignation was voluntary and she did not allege constructive discharge. *See Schofield,* F. App'x at 504-05 (affirming the granting of summary judgment on the basis that an employee cannot not show an adverse employment action when the employee voluntarily resigns.); *See also Checa*, 2016 WL 3548517 at *5, *9 (granting summary judgment because a voluntary resignation is not an adverse employment action under the FMLA and plaintiff failed to show constructive discharge.).

For that reason, the court will grant Defendant's Motion for Summary Judgment with respect to the retaliatory failure to rehire claim.

### C.  Mitigation of Damages and Back Pay Claim

Finally, Defendant argues that Plaintiff is precluded from seeking back pay because she failed to mitigate her damages. Def.'s Mot. Summ. J. Mem. at 15.

"An employer who violates the FMLA is liable for any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." *Laborde v. Casino*, No. 3:16-769, 2018 WL 2943451, at *12 (M.D. Pa. June 12, 2018) (internal quotation omitted). However, although "it is the duty of a discrimination claimant to mitigate her losses, it is the employer who has the burden of proving a failure to mitigate." *Caulfield v. Center*

*Area School Dist.*, 133 F. App'x 4, 11 (3d Cir. 2005). "To meet its burden, an employer must demonstrate that 1) substantially equivalent work was available, and 2) the ... claimant did not exercise reasonable diligence to obtain the employment." *Laborde*, 2018 WL 2943451 at *12 (quoting *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 864 (3d Cir. 1995)). When an employer successfully proves a failure to mitigate, any back-pay award to an aggrieved employee will be cut off or reduced beginning at the time of the employee's failure to mitigate." *Id.* at *12 (quoting *Caulfield*, 133 F. App'x at 11.).

"Substantially equivalent employment is that employment which affords virtually identical promotional opportunities, compensation, job responsibilities, and status as the position from which [] . . . [a] claimant has been discriminatorily terminated." *Booker*, 64 F.3d at 866. While *Booker* involves a Title VII claim, we see no reason why this definition of 'substantially equivalent employment' should not apply to an FMLA claim. *See Mullen v. Wells Fargo Bank, N.A.*, No. 19-3995, 2021 WL 445360, at *7 n. 62 (E.D. Pa. Sept. 29, 2021) (denying in part summary judgment for damages relating to retaliation and discrimination claims under the FMLA because defendant failed to show that plaintiffs employment was substantially equivalent.).

Plaintiff admits that she has not applied or taken on new employment since her resignation in 2018, besides continuing employment she held at a family owned business prior to her resignation from Defendant. DSOF ¶ 101; POSOF ¶ 101. Plaintiff further contends that she sought substantially equivalent employment through job listing websites until the outbreak of COVID-19, but was unable to find a substantially equivalent positon. POSOF ¶¶ 103-104. "Even if it is undisputed that [a] [p]laintiff made no efforts to obtain employment after [] [she] was terminated, it does not necessarily follow that [a plaintiff] is not entitled to any amount of back pay." *Laborde*, 2018 WL 2943451 at *13.

Here, a reasonable jury could find that Plaintiff exercised reasonable diligence to obtain employment by utilizing job search websites. Moreover, Defendant has failed to point to evidence, such as similar rates of pay, showing that any of the "numerous openings in [Plaintiff's] field within her geographic area" were substantially equivalent. Def.'s Mot. Summ. J. Mem. at 15-16; *See also Laborde,* 2018 WL 2943451 at *13 (denying defendant's motion for summary judgment with respect to damages in an FMLA claim because defendant failed to show "evidence about the rates of pay of any substantially equivalent positions that may have been available to [p]laintiff.").

Accordingly, the Court will deny Defendant's motion for summary judgment regarding the back pay claim.

## IV.    CONCLUSION

For the foregoing reasons, this Court will grant in part and deny in part Defendant's Motion for Summary Judgment. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge